STATE OF WEST VIRGINIA

**FILED**
**June 27, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**JODY RAMEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0320** (BOR Appeal No. 2047661)
        (Claim No. 2012031823)

**EIN MGMT., LLC ELF 4-D TRUCKING COMPANY, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jody Ramey, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. EIN MGMT., LLC ELF 4-D Trucking Company, Inc., (hereinafter "ELF") by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed an August 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 4, 2012, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ramey has worked for ELF for the past eight years as a driver and a foreman. Mr. Ramey allegedly injured his lower back while installing a driveline onto a carrier bearing on February 3, 2011. Mr. Ramey reported back to work on February 6, 2012. During his shift, Mr. Ramey allegedly reinjured his lower back while placing crib blocks underneath a miner's rescue box at the Miner's Expo. Mr. Ramey did not file any applications for workers' compensation benefits in February or March. However, in April Mr. Ramey submitted three different applications relating to his February injury. The first application filed on April 10, 2012, which

did not include a physician's signature, asserted that he injured himself as a result of placing crib blocks underneath a miner's recue box. The date of injury was listed as February 3, 2012. The next application filed April 12, 2012, did have a physician's signature but contained no diagnosis codes. It simply stated the diagnosis was "lower back pain." The third application for benefits was filed on April 23, 2012. That application did not have a date of injury listed. Once again no diagnosis code was provided. The application simply stated that there was an acute exacerbation of chronic back pain. The petitioner also visited John Schmidt, M.D., who noted the Mr. Ramey had a history of mid thoracic and low lumbar back pain. Dr. Schmidt reviewed an MRI of Mr. Ramey's back and concluded he had minimal disc herniation and no significant root compromise or stenosis.

The Office of Judges held an expedited hearing at Mr. Ramey's request. At that hearing, both Mr. Ramey and his supervisor, Chris Dolan relayed that the original injury occurred on February 3, 2012, while installing a driveline onto a carrier bearing. They both testified that he reinjured his back on February 6, 2012, while placing crib blocks underneath the miner's rescue box at the Miner's Expo. Both of them also revealed that Mr. Ramey has had a history of chronic back pain.

The Office of Judges reviewed Dr. Schmidt's report and noted that he found a disc herniation at L4-5 with no significant root compromise or stenosis. The Office of Judges opined that Dr. Schmidt's report showed that Mr. Ramey's alleged injury was not the result of a work related injury. The Office of Judges concluded that they could not make a finding of compensability due to the delay in reporting, inconsistencies in the record, the petitioner's pre-existing chronic back pain, and the lack of proof that this injury was the result of his work duties.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The inconsistencies in Mr. Ramey's numerous workers' compensation applications undermine his credibility, and he has not presented any medical evidence that adequately supports his position. Accordingly, Mr. Ramey has not submitted sufficient credible evidence to prove that he was injured in the course of and as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum